UNITED STATES *v.* BUTLER BROS. ET AL.

**No. 4550.**—Invoices dated Graslitz, Czechoslovakia, July 3, 1933, Ruhla, Germany, June 30, 1933, etc.
Entered at Dallas, Tex., September 11, 1933, etc.
Entry No. 52–D, etc.

First Division, Appellate Term

(Decided March 29, 1939)

*Webster J. Oliver,* Assistant Attorney General (*Richard F. Weeks,* special attorney), for the appellant.
*G. W. R. Wallace* (*Philip Stein* of counsel) for the appellees.

Before SULLIVAN, BROWN, and KEEFE, Judges

BROWN, Judge: The merchandise, the dutiable value of which is in issue here, was invoiced and entered in United States dollar values, the amounts of which are not disputed or claimed to be incorrect either for export or foreign value. These were derived, as a number of the purchase invoices show, on the basis of an agreed upon fixed rate of about 4.17 marks to the dollar, evidently to avoid currency fluctuation.

The appraiser appraised by taking these *per se* invoice dollar figures, which he approved as correct, and calculating from them back into marks at the Federal Reserve rate for conversion of German currency, stating by his notations in each instance the gross amount of marks so calculated as to each invoice. Thus the local appraiser approved the *per se* invoice figures as the correct export values. He only obtained a higher foreign value figure in marks in each instance by the calculation above described. It was plainly only by that method, for the appraiser really approved and did not dispute that the *per se* unit invoiced prices were correct, both for foreign and export value, but because of some instructions thought he had to make the above calculation.

The judge below, after a careful statement of the details, found the dutiable values to be the export values as declared upon the invoices and entries and held that the foreign-market values were no higher.

With these conclusions we agree, for the appraiser himself approved the export sales prices as correct and only got a theoretical higher foreign-market value by a calculation of currency he had no authority to make in finding dutiable value. Such conversion would only be the duty of the collector, not the appraiser. It does not, working backward, legally result in a higher foreign value on appraisement. Nor would the fact that one person separately performs, at this port, the functions of both appraiser and collector affect the situation or change the result.

The judgment below is therefore affirmed.